IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RIDDELL, INC.,

                        Plaintiff,                           ORDER

        v.
                                                             08-cv-711-bbc

SCHUTT SPORTS, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this patent infringement lawsuit plaintiff Riddell, Inc. has requested the construction of four claim terms.  Defendant Schutt Sports, Inc. has requested the construction of nine claim terms.  The parties have agreed on a proposed construction for two claim terms.

        After reviewing the parties submissions, I am persuaded that construction of 11 terms is necessary to resolve clearly disputed issues concerning infringement or invalidity.  Although the parties agreed to the construction of the claim term "ear flap," neither party explained why construction of that term is necessary to resolve a disputed issue concerning infringement or invalidity.  See Prel. Pretrial Conf. Ord., dkt. #19 (moving party has "burden to persuade the court that construction of each specified term is necessary").  Defendant failed to offer a sufficient reason to construe two terms related to the positioning

1

of helmet ear flaps, stating only that "construction of the limitations will assist the jury in its deliberations." Construction of the those three terms may be presented at summary judgment or trial.

The preliminary pretrial conference order also directed the parties to "specify which terms [if any] require a hearing and provide grounds why a hearing actually is necessary for each specified term." Dkt. #19. Neither party asserts that a claims construction hearing is necessary and leaves it to the court to decide whether one would be helpful. The date set aside for a claims construction hearing is May 29, 2009. On May 18, 2009, plaintiff moved to reschedule the hearing for either June 5 or 12, 2009, because its lead attorney has a conflict. Dkt. #39. The court cannot accommodate plaintiff's proposed dates. However, I am not convinced that a hearing actually is necessary. Unless the court hears otherwise from the parties by May 29, 2009, the 11 disputed claim terms will be construed using the parties' claims construction submissions, without a hearing.


ORDER

IT IS ORDERED that:

1. The court will construe the following 11 claim terms:

a. "Jaw flap" as used in Claims 53-59 and 71-73 of plaintiff Riddell Inc.'s United States Patent No. 6,934,971 and Claims 1-6, 9-19 and 25-28 of plaintiff's United States

2

Patent No. 7,240,376;

      b.  "Notches" as used in Claim 42-47 of plaintiff's United States Patent No. 6,934,971;

      c. "Front portion of mandible" as used in Claim 53-59 of plaintiff's United States Patent No. 6,934,971;

      d. "Extent of mandible" as used in Claim 71-73 of plaintiff's United States Patent No. 6,934,971;

      e. "Pad assembly" as used in Claims 1-6, 9-19 and 22-28 of plaintiff's United States Patent No. 7,240,376;

      f. "Ear flap pad" as used in Claims 1-6, 9-19 and 22-24 of plaintiff's United States Patent No. 7,240,376;

      g. "Jaw pad" as used in Claims 71-73 of plaintiff's United States Patent No. 6,934,971 and Claims 1-6, 9-20 and 22-24 of plaintiff's United States Patent No. 7,240,376;

      h. "Receivers extending outward" as used in Claims 14-19 of plaintiff's United States Patent No. 7,036,151;

      i. "Connection segment" as used in Claims 23 and 25 of plaintiff's United States Patent No. 7,036,151;

      j. "Channel" as used in Claims 14-19 of plaintiff's United States Patent No.

3

7,036,151; and

k. "at least two notches formed in the lower edge surface of the shell . . . and at least one of the flexible members on each side of the chin protector passes through at least one of the notches" as used in Claims 42-47 of plaintiff's United States Patent No. 6,934,971.

2. Plaintiff's motion to reschedule the May 29, 2009 claims construction hearing, dkt. #39, is DENIED. No claims construction hearing will be held on May 29, 2009.

3. The parties will have until May 29, 2009 in which to provide grounds why a hearing is necessary on any of the 11 disputed claim terms. If the parties do not respond by May 29, 2009, the eleven disputed claim terms will be construed using the parties' claims construction submissions.

Entered this 21st day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge