IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RIDDELL, INC.,

                          Plaintiff,

     v.

SCHUTT SPORTS, INC.,

                         Defendant.

ORDER

08-cv-711-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Among other defenses and counterclaims asserted by defendant Schutt in this patent infringement action was a claim that plaintiff Riddell, Inc.'s '376, '791 and '151 patents were unenforceable in light of plaintiff's alleged inequitable conduct in prosecuting these patents. Because this claim was one for the court and not the jury to decide, it was heard during the trial while the jury was deliberating on liability.

      After hearing the parties' evidence and arguments, I find that defendant did not carry its burden of showing by clear and convincing evidence that plaintiff withheld material evidence from the patent office or that it acted with the intent to mislead or deceive the patent office when prosecuting the patents in issue. Defendant elicited evidence that the prior art contained information about the use of vinyl nitrile for shock attenuation and

1

about face masks, but it never proved that the examiner would have considered these particular prior art references material or whether they were more material than the many examples of prior art that were before the examiner. Indeed, its expert had included no evidence of materiality in his expert report and for this reason, was precluded from testifying on the subject at the hearing. As a result, defendant proceeded as if the materiality would be obvious to the court. It was not. As to the prior art involving face masks, the jury found the Biolite face mask non-obvious, suggesting a lack of materiality. Defendant never explained how the other face mask prior art (the Lombard application) differed from that encompassed by the Biolite product. The same was true with respect to the vinyl nitrile. Defendant never explained why the prior use of this product in one of its own products and in the Halstead patent would have been deemed material to plaintiff's use of it in the jaw flap of the Revolution helmet.

Moreover, materiality is only one of the showings that defendant was required to make in order to prove inequitable conduct. On the necessary element of intent, defendant made no showing at all, relying entirely on the alleged materiality of the cited prior art references. There may be situations in which a prior art reference is so material as to provide a ground for inferring intent, but this is not one of them.

ORDER

IT IS ORDERED that defendant Schutt Sports Inc.'s counterclaim of inequitable conduct is DISMISSED.

Entered this 16th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge